IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALYSA BERGAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-229-RP |
| | § | |
| CLIFFORD ZEIFMAN, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Alysa Bergam's ("Bergam") Motion for Leave to File

Amended Complaint, (Dkt. 3), and Motion to Remand, (Dkt. 5), along with the parties' responsive

briefing on the motion to remand. Having considered the parties' arguments, the evidence, and the

relevant law, the Court finds that remand is appropriate.

## I. BACKGROUND

Bergam is 22-year-old woman who worked as a nanny for Defendant Clifford Zeifman

("Zeifman") to take care of his minor children. (Orig. Pet., Dkt. 4-1, at 10). Bergam alleges that

Zeifman sexually assaulted her while she was working for Zeifman by accompanying him and his

children on their vacation. (*Id.* at 10–14). In her original state-court petition, Bergam alleged a single

cause of action for sexual assault and battery under Texas law. (*Id.* at 15). Bergam then amended her

petition four times, (*see* First Am. Pet., Dkt. 4-1, at 27–35; Second Am. Pet., Dkt. 4-2, at 1–11; Third

Am. Pet., Dkt. 4-9, at 69–81; Fourth Am. Pet., Dkt. 4-9, at 88–102), adding new claims and parties.

In amending a fourth time, Bergam added a cause of action arising under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Fourth Am. Pet., Dkt. 4-9, at 99).

Defendants[1] then removed the case to this Court pursuant to this Court's federal question jurisdiction. (Not. Removal, Dkt. 1, at 1–2).

Bergam filed her original state-court petition in the 53rd Judicial District Court of Travis County, Texas, on June 16, 2017. (Orig. Pet., Dkt. 4-1, at 9). She filed her Fourth Amended Petition in state court on March 13, 2018, (Fourth Am. Pet., Dkt. 4-9, at 88), and Defendants removed the case to this Court on March 15, 2018. (Not. Removal, Dkt. 1). On March 26, 2018, Bergam filed a motion for leave to amend her complaint by dropping her federal cause of action. (Mot. Leave Amend, Dkt. 3). On the same day, Bergam also filed a motion to remand, arguing that the Court should not exercise supplemental jurisdiction over the state law claims that would remain if the Court were to permit her to drop her federal claim. (Mot. Remand, Dkt. 5, at 2–3). Defendants do not oppose the motion for leave to amend; instead, they ask the Court to exercise supplemental jurisdiction over Bergam's state-law claims and deny remand. (Resp. Mot. Remand, Dkt. 7).

## II. MOTION FOR LEAVE TO AMEND

Bergam requests leave to amend her complaint by dropping her Title VII claim, leaving only state-law claims against at least one nondiverse party. (Mot. Leave Amend, Dkt. 3, at 1). Defendants filed no response. This Court's local rules supply it with the authority to grant motions as unopposed when no response is timely filed. W.D. Tex. Loc. R. CV-7(e)(2). Moreover, Rule 15 of the Federal Rules of Civil Procedure directs courts to freely grant leave to amend. Fed. R. Civ. P. 15(a)(2). Because Defendants do not contest Bergam's request to amend her complaint but instead simply urge the Court to retain jurisdiction over Bergam's claims under 28 U.S.C. § 1367(a), (Resp. Mot. Remand, Dkt. 8), the Court will grant Bergam's motion for leave to amend and determine whether it should exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c).

---

[1] Defendants include Zeifman, Barnaclez LLC, and Institutional Survey LLC. (Fourth Am. Pet., Dkt. 4-9, at 88–89).

# III. MOTION TO REMAND

Jurisdictional facts are determined at the time of removal, and this Court therefore retains jurisdiction over this action after permitting Bergam to drop her federal cause of action. *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015). Nonetheless, the Court is authorized by statute to decline to exercise supplemental jurisdiction over state-law claims that remain after federal causes of action have been dismissed. 28 U.S.C. § 1367(c)(3). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cty., Texas*, 826 F.3d 861, 872 (5th Cir. 2016).

In assessing whether to exercise its discretion to decline supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, a district court should be "guided by the statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009) (citation omitted).[2] No single factor is necessarily dispositive. *Id.* "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Id.*

The Fifth Circuit has held that a district court abuses its discretion when it declines to exercise supplemental jurisdiction over remaining state law claims and remands an action "after investing a significant amount of judicial resources." *Id.* (collecting cases). In *Brookshire Brothers*, for example, a district court remanded a suit after the parties had litigated the action before the court for "more than three years, generating more than 1,300 entries" in the court docket. *Id.* at 598. In that time, the district court had "decided forty-one dispositive motions, fourteen *Daubert* motions, and seven other motions in limine. Discovery had closed and the parties were making final preparations

---

[2] Section 1367 authorizes a court to decline supplemental jurisdiction over a state law claim if: "(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

for trial." *Id.*[3] The Fifth Circuit has similarly emphasized the importance of resource expenditure in other cases. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (holding that the district court abused its discretion in declining to exercise supplemental jurisdiction when the case had "produced more than sixteen volumes of record over the course of three years, numerous depositions and discovery disputes, and significant consideration by the district court of multiple motions to dismiss claims or grant summary judgment"); *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 308 (5th Cir. 1991) (holding that the district court abused its discretion in remanding state law claims "after four years of litigation produced 23 volumes and thousands of pages of record, the preparation of a pretrial order exceeding 200 pages, over a hundred depositions, and according to counsel nearly two hundred thousand pages of discovery production," and involved the district court "declining to hear th[e] case on the eve of trial").

Meanwhile, the Fifth Circuit has held that a district court is within its discretion to remand a case despite moderate resource investment when the dismissal of some claims effectively "re-started" a case and trial was not imminent. *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 373 F. App'x 438, 443 (5th Cir. 2010). In *Knatt*, the Fifth Circuit held that the trial court did not abuse its discretion even though "the parties have produced over 7,000 pages of discovery and deposed twenty-nine witnesses." *Id.* The magistrate judge had been involved in overseeing discovery and there was "no indication that the district judge ha[d] substantial familiarity with the merits of the case." *Id.* The parties "ha[d] not yet filed motions *in limine,* the district court ha[d] not ruled on the admissibility of any significant amount of evidence, the parties ha[d] yet to brief the remaining state law issues on the merits, and no trial date ha[d] been set." *Id.*

---

[3] Although the Fifth Circuit also found that the remaining state-law issues were not "particularly novel or complex" and that there was a "significant risk" that the plaintiff would relitigate a number of issues in state court, *Brookshire Bros.*, 554 F.3d at 603, these factors were not outcome-determinative; the considerable expenditure of the district court's resources was dispositive on its own. *Id.* ("[E]ven if this case involved novel or complex state law issues, the significant amount of judicial resources invested by the district court would lead us to find that the district court abused its discretion in remanding this case.").

Finally, a district court abuses its discretion by retaining jurisdiction when there has been relatively little resource investment and trying the remaining issues in state court would not be unduly burdensome. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587–90 (5th Cir. 1992) (holding that the district court abused its discretion in retaining jurisdiction when the case had been pending for only nine months, discovery had not been completed, the district judge had conducted only one hearing, and the forum change would not unduly burden or prejudice the parties).

Considering all of the factors and the relevant case law, the Court is persuaded that it should follow the general rule to remand the remaining state law claims in this case. The Court has not invested significant resources in this case in the month since Defendants filed their notice of removal, having only decided the instant motions and conducted no hearings. Meanwhile, the state-court record in this case is over 700 pages long, consisting of a number of discovery disputes and multiple hearings. (*See* State Court Record, Dkt. 4). The Travis County District Court is therefore far more familiar with this action than is this Court. Given that all of the remaining issues in this case are matters of state law, remand would also serve the interests of federalism and comity. *See Parker & Parsley*, 972 F.2d at 589 ("Aside from the state courts' superior familiarity with their respective jurisdictions' law, the federal courts' construction of state law can be uncertain and ephemeral.") (citation and internal quotation marks omitted). Taken together, these factors counsel in favor of observing the "general rule . . . that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros.*, 554 F.3d at 602. The Court will therefore grant Bergam's motion to remand this action.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Bergam's Motion for Leave to File Amended Complaint, (Dkt. 3), and Motion to Remand, (Dkt. 5), are both **GRANTED**. This case is

**REMANDED** to the 53rd District Court of Travis County, Texas. The Clerk of the Court is directed to **CLOSE** this case.

      **SIGNED** on April 17, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE